UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER JONES,

                Plaintiff,

                                  CIVIL CASE NO. 04-40084

v.

                                  HONORABLE PAUL V. GADOLA

WAYNE COUNTY, et al.,               U.S. DISTRICT COURT

                Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

       Before the Court are two motions, both filed by Defendants on February 28, 2005. The first is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. The second is a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). Plaintiff filed responses to both motions. For the reasons set forth below, the Court denies Defendants' motion to dismiss, and grants Defendants' motion for summary judgment in part with respect to Defendant Nicole Williams and with respect to Count III, while dismissing the remainder of Defendants' summary judgment motion.

**I.**      **Background**

       The following facts are not in dispute. On or around April 16, 2001, Plaintiff Christopher Jones was an inmate on the eleventh floor at Wayne County Jail. Defendants Fisher, Mroczka, Zarras, and Williams are all employees of Defendant Wayne County, who were working at the jail on this same date. At approximately 10:00 p.m., a safety and sanitary inspection was ordered for the ward in which Plaintiff was located. During the inspection, the officers on duty discovered that

the locking mechanism on Plaintiff's cell door was not functioning properly. The decision was then made to move Plaintiff from his eleventh floor cell to a new cell on the twelfth floor. Plaintiff put his personal belongings in a bag, and was escorted by two officers, Defendants Fisher and Morzcka, by elevator to the twelfth floor. After exiting the elevator, on the way to the new cell, a physical altercation took place between Plaintiff and Defendants. The accounts of Plaintiff and Defendants of what actually happened during the escort differ significantly from one another.

The following is Plaintiff's account of what occurred. Plaintiff claims that Defendants Fisher and Morzcka abused him and exercised excessive force while escorting him to the new cell. Plaintiff testified that when he was in the elevator, one of the officers told him to turn around and put his face into the corner of the elevator. Plaintiff questioned why he was being forced into the corner, while a second inmate also in the elevator was not required to do the same. Plaintiff was allegedly grabbed by the neck, spun around, and pushed out of the elevator onto the twelfth floor. Plaintiff claims that he was then flipped onto the ground, landing on his hands and knees. Defendant Fisher allegedly grabbed Plaintiff's head and repeatedly slammed it into the ground. Even after Plaintiff received a cut above his eye and began to bleed profusely, Fisher allegedly continued to hit Plaintiff's head into the ground. Plaintiff was then handcuffed and dragged to the new cell. Defendant Zarras was present during the entire incident and never attempted to stop the abuse. Plaintiff claims that he suffered many injuries as a result of the physical abuse including the split eye, lockjaw, and persistent problems with his neck and back.

Defendants Fisher, Mrozcka, and Zarras have a different account of what happened the night of April 16, 2001. Similar to Plaintiff's testimony, Defendants Mrozkca and Fisher escorted

Plaintiff from the eleventh floor to his new cell on the twelfth floor, with Defendant Zarras present the entire time. In contrast to Plaintiff's allegations, Defendants claim that Plaintiff was upset at being moved and was making it difficult for Defendants Mrozcka and Fisher to escort Plaintiff to the new cell. Plaintiff allegedly was agitated, disobeyed orders, and kept turning around or stopping. Defendants testify that nothing inappropriate occurred in the elevator. After exiting the elevator on the twelfth floor, Plaintiff was escorted between Defendants Mrozcka and Fisher towards his new cell, with Defendant Zarras following behind. Before reaching the cell, Plaintiff allegedly turned around aggressively, lowering his shoulder and clenching his fist. Defendants believed that Plaintiff was going to strike or push one of the officers. In response, Defendants Mrozcka and Fisher allegedly grabbed each of Plaintiff's arms and forced him to the ground. Defendants deny that they took Plaintiff's head and repeatedly slammed it into the ground. Plaintiff was then handcuffed and brought to his new cell. Defendants deny that they used any excessive or unreasonable force during the entire incident.

On March 15, 2004, Plaintiff filed suit in this Court against Defendant Wayne County and four employees of the Wayne County Jail: Defendants Fisher, Mroczka, Zarras, and Williams. Plaintiff alleges three counts pursuant to 42 U.S.C. § 1983 consisting of violations of Plaintiff's constitutional rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution. The first two counts involve the Eighth Amendment's prohibition against cruel and unusual punishment, while the last count involves alleged violations of Plaintiff's Fourth Amendment protection from unreasonable searches and seizures and his Fourteenth Amendment right to be free from the deprivation of liberty without due process of law. Defendants subsequently filed a motion to dismiss

and a motion for summary judgment.

## II.     Motion to Dismiss

Defendants first move to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6). They argue that Plaintiff has made many unsubstantiated allegations of pain and injury which supposedly arose from the incident at the jail. Defendants claim that the allegations are illusory as Plaintiff has provided no medical records that would support the allegations. Furthermore, Defendants claim that Plaintiff has unreasonably refused to appear for an independent medical exam, thereby hindering Defendants from properly defending themselves in the case.

### 1.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the district courts to dismiss any complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *See Minger v. Green*, 239 F.3d 793, 797 (6th Cir. 2001) (citations omitted). In applying the standards under Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

The Court will not, however, presume the truthfulness of any legal conclusion, opinion, or deduction, even if it is couched as a factual allegation. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Court will not dismiss a cause of action "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Although the pleading standard is liberal, bald assertions and conclusions of law will not enable a complaint to survive a motion pursuant to Rule 12(b)(6).  *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).  To determine whether Plaintiff has stated a claim, the Court will examine the complaint and any written instruments that are attached as exhibits to the pleading.  Fed. R. Civ. P. 12(b)(6) & 10(c).

**2.     Analysis**

In his complaint, Plaintiff alleges that Defendants used excessive force when escorting Plaintiff between cells on the night of April 16, 2001.  Defendants ask this Court to dismiss Plaintiff's claims because they are illusory and because there is no factual support for Plaintiff's allegations that he suffered pain and injury.  Such a determination is inappropriate for the Court to make when considering a motion to dismiss under Rule 12(b)(6).  When considering a motion to dismiss, the Court must take the factual allegations as true and make reasonable inferences therefrom.  *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  In this case, Plaintiff alleges that he was forcefully flipped to the ground, grabbed by the head, and repeatedly slammed into the ground while on his hands and knees.  From this, it is reasonable to infer Plaintiff would suffer the injuries that he claims, such as a cut over his eye, injury to his jaw, and back and neck pain.  Furthermore, in Plaintiff's response to the motion to dismiss, Plaintiff provides the Court with medical records documenting his medical condition and supporting his allegations of pain and injury.  Plaintiff has thus adequately stated a cause of action upon which relief can be granted.

Defendants additionally argue that the motion to dismiss should be granted because Plaintiff has failed to appear for a scheduled independent medical examination ("IME"), and that this has

hindered Defendants from pursuing its defense. Plaintiff states, however, that Plaintiff's counsel tried to cooperate in fulfilling Defendants' request for an IME, and that the IME did not occur due to Defendants' negligence. Plaintiff also observes that Defendants never filed a motion with this Court requesting an IME as required by Federal Rule of Civil Procedure 35(a). This Court agrees with Plaintiff that the motion to dismiss should not be granted due to Defendants' failure to obtain an IME of Plaintiff.

## III.     Motion for Summary Judgment

### 1.     Legal Standard

Defendants have also filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36. The moving party has the burden

of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *see Celotex*, 477 U.S. at 322-23; *Matsushita*, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission

of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), *aff'd*, 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

**2. Analysis**

**a. Claims Against Defendant Williams**

Defendants first argue that the claims against Defendant Williams are entitled to dismissal because there is no evidence to show that she was involved in any way with the incident on April 16, 2001. Defendant Williams is a Wayne County Jail employee who was working at the jail the night of the incident. In his complaint, Plaintiff alleges that Defendant Williams failed to stop the excessive use of force used on Plaintiff. Plaintiff's testimony, however, indicates that he does not know who Defendant Williams is, and whether she had any contact with him. Pl. Dep., Def. Mot., Ex. 2, 42-43 (Feb. 28, 2005). In Plaintiff's account of what happened on the night on April 16, 2001, there is no description of any person resembling Defendant Williams. Furthermore, Defendant Williams testified that although she saw Plaintiff escorted out of the ward on the eleventh floor, she did not see him get on an elevator and did not know what happened to Plaintiff afterwards. Nicole Williams Dep., Def. Mot., Ex. 4, 38-39 (Feb. 28, 2005). Since there is no evidence in the record that indicates that Defendant was present or involved in the alleged abuse of Plaintiff, there is no genuine issue of material fact, and the claims against Defendant Williams should therefore be dismissed as a matter of law.

### b.     Claims against Defendants Mrozcka and Fisher

Defendants argue that the claims against Defendants Mrozcka and Fisher should be dismissed because Mrozcka and Fisher had a legitimate correctional interest in using force on Plaintiff, and the alleged force used against Plaintiff was reasonable. Defendants state the proper legal rule that governs:

> Where a prison security measure is undertaken to resolve a disturbance, such as occurred in this case, that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."

*Whitley v. Albers*, 475 U.S. 312, 320-321 (1986) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973)). Defendants maintain that their actions in subduing Plaintiff were reasonable and done in a good faith effort to restore order and discipline. Based on Defendants' description of what happened on April 16, 2001, Defendants Mrozcka and Fisher might have used reasonable force in a good faith effort. Plaintiff, however, has a different account of what occurred, testifying that he suffered unreasonable abuse, such as having his head slammed repeatedly into the floor. Plaintiff has also submitted medical records supporting the pain and injuries he allegedly suffered. If Plaintiff's description of the events is correct, then Defendants probably did use excessive force and did not act in good faith. This case, therefore, has testimonial evidence on both sides in support of conflicting accounts of what happened during the night in question. Some of the contested issues include what force was used by Mrozcka and Fisher, whether the force rose to an unreasonable level, and whether Mrozcka and Fisher acted in good faith. These are all genuine issues of material fact,

matters appropriate for decision by a jury. Therefore, summary judgment on the claims against Defendants Mrozcka and Fisher should not be granted.

      **c.**      **Claims Against Defendant Zarras**

In both Plaintiff's and Defendants' accounts, Defendant Zarras was present in some kind of supervisory manner during Plaintiff's escort. Plaintiff claims that Zarras is liable because she failed to intervene and stop Mrozcka and Fisher from abusing him. Defendants argue that the claims against Defendant Zarras are entitled for dismissal because the force used by Mrozcka and Fisher was not excessive. As discussed above, however, the issues of how much force was used by Mrozcka and Fisher and whether this force was unreasonable are questions best left for determination by a jury. Consequently, the claims against Zarras are not entitled to summary judgment.

      **d.**      **Claims Against Defendant Wayne County**

Defendants argue that the claims against Wayne County should be dismissed on summary judgment because the county cannot be held liable for the acts of its employees and because Wayne County did not have an official policy or custom that violated Plaintiff's constitutional rights. The proper legal principle governing this issue states that a municipality like Wayne County is liable only if Plaintiff "can establish that an officially executed policy, or the toleration of a custom . . . leads to, causes, or results in the deprivation of a constitutionally protected right." *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). Defendants argue that Plaintiff has given no factual basis for such a policy, practice, or custom. In his response, Plaintiff argues that Defendant Wayne County has a history

of tolerating inmate abuse by Defendant Fisher. Plaintiff submitted a large number of exhibits, consisting of various memoranda, grievance communications, and evaluation forms, all containing evidence of previous instances of misconduct on the part of Fisher. This evidence is sufficient to create a genuine issue of material fact as to whether Wayne County had a custom of tacit approval of constitutional violations, or at least as to whether the County was deliberately indifferent, by not adequately responding to the abusive behavior that Fisher had previously demonstrated towards inmates. Therefore, summary judgment for Defendant Wayne County is not warranted.

        **e.**        **Count III Claims for Violations of the Fourth and Fourteenth Amendments**

Defendants finally argue that Plaintiff's third count against all Defendants, that Plaintiff suffered violations of his constitutional rights under the Fourth and Fourteenth Amendments, is entitled to dismissal because of overbreadth. The Court finds that the evidentiary record does not support any violation of the Fourth Amendment's protection against unreasonable searches and seizures. Plaintiff was in lawful custody in jail and was being lawfully moved from one cell to another. There is no evidence that Plaintiff was unreasonably searched or seized.

Also, this Court finds that the evidentiary record does not support any violation of the Fourteenth Amendment's protection under the due process clause. Plaintiff was not deprived of property or liberty in any manner that would involve due process considerations. Accordingly, Plaintiff's Count III against all Defendants should be dismissed.

**IV.**    **Conclusion**

For the reasons stated above, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss [docket entry 51] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment [docket entry 54] is **GRANTED** with respect to all claims against Defendant Nicole Williams, and she is hereby dismissed from this action; **GRANTED** with respect to Count III against all Defendants; and **DENIED** with respect to all remaining claims.

**SO ORDERED.**

Dated:   November 2, 2005                                              s/Paul V. Gadola
                                                                                          HONORABLE PAUL V. GADOLA
                                                                                          UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  November 2, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                    Onnie B. Jacque; Christopher J. Trainor                    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                   .

                                                                                          s/Ruth A. Brissaud
                                                                                          Ruth A. Brissaud, Case Manager
                                                                                          (810) 341-7845